BERNARD EARLE, RESPONDENT, *v.* JOSEPH HART AND OTHERS, APPELLANTS.

*Right of one interested in an action to be made a party thereto — when such right is absolute — Code of Civil Procedure, § 452.*

20 75
128a 541
20 75
15ap437
20h 75
j172 NY 567

Under section 452 of the Code of Civil Procedure a person interested in the subject of an action, or in the real property the title to which is sought to be affected thereby, at the time of the filing of the *lis pendens* therein, has an absolute right to be made a party thereto, if he elect so to do ; but whether or not one acquiring such an interest after the filing of the *lis pendens* shall be allowed so to come in and defend rests in the sound discretion of the court.

APPEAL from an order denying a motion made by Weeks W. Culver, under section 452 of the Code, to be made a party defendant to this action.

This action was commenced to foreclose a mortgage, and the complaint and notice of pendency thereof were filed with the clerk of the city and county of New York, the county in which the venue is laid, on the 10th day of February, 1879. Two of the parties defendant in the action were Peter Rice and Eliza Rice, as administrator and administratrix of Joseph Dowling, deceased, who had held an agreement in respect to the transfer of the lease and leasehold premises mortgaged by Joseph Hart, one of the defendants, to the plaintiff Bernard Earle, by the mortgage sought to be foreclosed in this action.

Five days after the filing of the complaint and notice of pendency of suit in this action, to wit, on the 15th day of February, 1879, the agreement above mentioned was assigned to Weeks W. Culver, and the assignment was recorded February 25, 1879, two days after service upon Rice of the summons and complaint. Culver then made a motion upon petition to be brought in and made a party defendant, or otherwise that Peter Rice, as administrator, and Eliza Rice, as administratrix, should be stricken out as parties defendant.

From the order denying this motion this appeal was taken.

*S. Jones*, for the appellants.

*H. P. Townsend,* for the respondent.

*Per Curiam :*

We think that the amendment in question (section 452 of the Code of Civil Procedure) was intended to enable a person who is not a party to an action, but who had an interest in the subject thereof at the time of the filing of the *lis pendens,* to come in if he elects to do so. Otherwise the Legislature would have referred to a person claiming an interest at any time prior to the judgment in the cause. As to persons having an interest at the time of the filing of the *lis pendens* the right is absolute under the amendment. But the court may in a proper case allow parties to come in who acquire their interests subsequently to the filing of the *lis pendens.* As to that, however, we do not think that the right is absolute under the amendment, but depends upon the sound discretion of the court.

In this case we think the discretion excluding the party was properly exercised.

The order should be affirmed, with ten dollars costs and disbursements.

Present — DAVIS, P. J., BRADY and BARRETT, JJ.

Order affirmed, with ten dollars costs, besides disbursements.